UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY E. HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-01377-JMS-DML |
| ) | |
| STATE OF INDIANA, ) | |
| GREG ZOELLER, ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTION, ) | |
| KEITH BUTTS, ) | |
| CITY OF INDIANAPOLIS, ) | |
| DARIN ODIER, ) | |
| SHANI ANDERSON, ) | |
| MICHAEL THAYER, ) | |
| CLARK COUNTY, INDIANA, ) | |
| DANIEL RODDEN, ) | |
| LIBERTY BEHAVIORAL HEALTH, ) | |
| BENJAMIN JAMES, ) | |
| CARY REZMAN, ) | |
| KELLY HOFFMAN, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motions For Temporary Restraining Order and Preliminary Injunction
Relating to Ind. Code. § 35-42-4-6**

Mr. Howell's *ex parte* motion for temporary restraining order ("TRO") to prohibit the State from enforcing Ind. Code. § 35-42-4-6, Child Solicitation [dkt. 3], and his motion for preliminary injunction [dkt. 6] have been considered. Mr. Howell argues that the challenged statute is overbroad and vague. The challenged statute provides, in part,

> (a) As used in this section, "solicit" means to command, authorize, urge, incite, request, or advise an individual:
> * * *
> (4) by using a computer network (as defined in IC 35-43-2-3(a));   * * *
>
> to perform an act described in subsection (b) or (c).

(b) A person eighteen (18) years of age or older who knowingly or intentionally solicits a child under fourteen (14) years of age, or an individual the person believes to be a child under fourteen (14) years of age, to engage in sexual intercourse, other sexual conduct (as defined in IC 35-31.5-2-221.5), or any fondling or touching intended to arouse or satisfy the sexual desires of either the child or the older person, commits child solicitation, a Level 5 felony. However, the offense is a Level 4 felony if the person solicits the child or individual the person believes to be a child under fourteen (14) years of age to engage in sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) and:

(1) commits the offense by using a computer network (as defined in IC 35-43-2-3(a)) and travels to meet the child or individual the person believes to be a child; or
(2) has a previous unrelated conviction for committing an offense under this section.

(c) A person at least twenty-one (21) years of age who knowingly or intentionally solicits a child at least fourteen (14) years of age but less than sixteen (16) years of age, or an individual the person believes to be a child at least fourteen (14) years of age but less than sixteen (16) years of age, to engage in sexual intercourse, other sexual conduct (as defined in IC 35-31.5-2-221.5), or any fondling or touching intended to arouse or satisfy the sexual desires of either the child or the older person, commits child solicitation, a Level 5 felony.

However, the offense is a Level 4 felony if the person solicits the child or individual the person believes to be a child at least fourteen (14) but less than sixteen (16) years of age to engage in sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5), and:

(1) commits the offense by using a computer network (as defined in IC 35-43-2-3(a)) and travels to meet the child or individual the person believes to be a child; or
(2) has a previous unrelated conviction for committing an offense under this section.

(d) In a prosecution under this section, including a prosecution for attempted solicitation, the state is not required to prove that the person solicited the child to engage in an act described in subsection (b) or (c) at some immediate time.

Ind. Code. § 35-42-4-6.

Mr. Howell argues that the statute allows for the conviction of individuals accused of soliciting children believed to be below the proscribed age even when the individual does not

believe he is in communication with a person under that age. He contends that the lack of an affirmative defense provision to allow the accused to prove that he did not believe he was communicating with a minor renders the statute unconstitutional.

In accordance with Rule 65 of the *Federal Rules of Civil Procedure,* a TRO may be issued without notice only if specific facts "show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Rule 65(b)(1)(A). "The essence of a temporary restraining order is its brevity, its ex parte character, and … its informality." *Geneva Assur. Syndicate, Inc. v. Medical Emergency Servs. Assocs. S.C.,* 964 F.2d 599, 600 (7th Cir. 1992). In addition to the immediate and irreparable damage requirement for a TRO, to justify issuance of preliminary injunctive relief, Mr. Howell must first demonstrate that 1) he has a reasonable likelihood of success on the merits, 2) he has no adequate remedy at law, and 3) he will suffer irreparable harm if preliminary injunctive relief is denied. *See Stifel, Nicholaus & Company, Inc. v. Godfre & Kahn,* 807 F.3d 184, 193 (7th Cir. 2015). Contrary to Mr. Howell's assertion that he will face serious and irreparable harm if temporary injunctive relief without notice is not provided, the Court finds otherwise.

Here, Mr. Howell cannot demonstrate a reasonable likelihood of success on the merits because he challenged the constitutionality of this statute in his criminal case and lost (which he failed to point out in his motions). The Indiana Court of Appeals found that his contention that the statute was impermissibly vague and overbroad was without merit. *Howell v. State,* 2009 WL 3364798, 915 N.E.2d 209 (Ind. Ct. App. Oct. 20, 2009) (unpublished). The *Howell* court also noted that the Indiana Court of Appeals had previously determined that Ind. Code 35-42-4-6 is constitutional in *LaRose v. State,* 820 N.E.2d 727, 733 (Ind.Ct.App. 2005). The *LaRose* court held that the State has a compelling interest in preventing adults from urging a child to have sex,

the statute is narrowly drawn, and it is not unconstitutionally vague. *Id.* at 730-33. Nothing urged by Mr. Howell in his motions for preliminary injunctive relief persuade this Court that he has a reasonable likelihood of success in challenging the statute under which he was convicted and which has been upheld by Indiana courts.

Under the current status of Indiana law, Mr. Howell cannot show that immediate and irreparable harm will result if a TRO is not issued. Therefore, Mr. Howell's *ex parte* motion for a TRO [dkt. 3] is **denied.** Similarly, he has not shown a reasonable likelihood of success on the merits of his claim challenging the constitutionality of Ind. Code. § 35-42-4-6, so his motion for preliminary injunction [dkt. 6] is **denied.**

**IT IS SO ORDERED.**

Date: June 17, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY E. HOWELL
899 S. College Mall Road, #226
Bloomington, IN 47401