UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY E. HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-01377-JMS-DML |
| ) | |
| STATE OF INDIANA, ) | |
| GREG ZOELLER, ) | |
| INDIANA DEPARTMENT OF ) | |
| CORRECTION, ) | |
| KEITH BUTTS, ) | |
| CITY OF INDIANAPOLIS, ) | |
| DARIN ODIER, ) | |
| SHANI ANDERSON, ) | |
| MICHAEL THAYER, ) | |
| CLARK COUNTY, INDIANA, ) | |
| DANIEL RODDEN, ) | |
| LIBERTY BEHAVIORAL HEALTH, ) | |
| BENJAMIN JAMES, ) | |
| CARY REZMAN, ) | |
| KELLY HOFFMAN, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motions For Temporary Restraining Order and Preliminary Injunction
Relating to Ind. Code. § 35-42-4-4**

Mr. Howell's *ex parte* motion for temporary restraining order ("TRO") to prohibit the State from enforcing Ind. Code. § 35-42-4-4, Child Exploitation [dkt. 4], and his motion for preliminary injunction [dkt. 7] have been considered. The challenged statute provides, in part,

c) A person who knowingly or intentionally possesses:

(1) a picture;

(2) a drawing;

(3) a photograph;

    (4) a negative image;

    (5) undeveloped film;

    (6) a motion picture;

    (7) a videotape;

    (8) a digitized image; or

    (9) any pictorial representation;

that depicts or describes sexual conduct by a child who the person knows is less than eighteen (18) years of age or who appears to be less than eighteen (18) years of age, and that lacks serious literary, artistic, political, or scientific value commits possession of child pornography, a Level 6 felony.

Ind. Code. § 35-42-4-4(c).

  Mr. Howell argues that this statute violates his First Amendment rights to view and possess images where the subject of the image is an adult, but *appears to be* below the proscribed age of 18. He also contends that the statute is unconstitutionally vague.

  In accordance with Rule 65 of the *Federal Rules of Civil Procedure,* a TRO may be issued without notice only if specific facts "show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Rule 65(b)(1)(A). "The essence of a temporary restraining order is its brevity, its ex parte character, and … its informality." *Geneva Assur. Syndicate, Inc. v. Medical Emergency Servs. Assocs. S.C.,* 964 F.2d 599, 600 (7th Cir. 1992). In addition to the immediate and irreparable damage requirement for a TRO, to justify issuance of preliminary injunctive relief, Mr. Howell must first demonstrate that 1) he has a reasonable likelihood of success on the merits, 2) he has no adequate remedy at law, and 3) he will suffer irreparable harm if preliminary injunctive relief is denied.

*See Stifel, Nicholaus & Company, Inc. v. Godfre & Kahn,* 807 F.3d 184, 193 (7th Cir. 2015). Contrary to Mr. Howell's assertion that he will face serious and irreparable harm if temporary injunctive relief without notice is not provided, the Court finds otherwise.

Here, Mr. Howell cannot demonstrate a reasonable likelihood of success on the merits because the Indiana Court of Appeals has held that Ind. Code. § 35-42-4-4 does not violate the First Amendment and is not unduly vague. *Logan v. State,* 836 N.E.2d 467 (Ind.Ct.App. 2005); *see also Decker v. State,* 19 N.E.3d 368, 377-78 (Ind.Ct.App. 2014) (also noting that Ind. Code. § 35-42-4-4 is not unduly vague).

Under the current status of Indiana law, Mr. Howell cannot show that immediate and irreparable harm will result if a TRO is not issued. Therefore, Mr. Howell's *ex parte* motion for a TRO [dkt. 4] is **denied.** Similarly, he has not shown a reasonable likelihood of success on the merits of his claim challenging the constitutionality of Ind. Code. § 35-42-4-4, so his motion for preliminary injunction [dkt. 7] is **denied.**

**IT IS SO ORDERED.**

Date: June 17, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY E. HOWELL
899 S. College Mall Road, #226
Bloomington, IN 47401