UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY E. HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-01377-JMS-DML |
| | ) | |
| STATE OF INDIANA, | ) | |
| GREG ZOELLER, | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, | ) | |
| KEITH BUTTS, | ) | |
| CITY OF INDIANAPOLIS, | ) | |
| DARIN ODIER, | ) | |
| SHANI ANDERSON, | ) | |
| MICHAEL THAYER, | ) | |
| CLARK COUNTY, INDIANA, | ) | |
| DANIEL RODDEN, | ) | |
| LIBERTY BEHAVIORAL HEALTH, | ) | |
| BENJAMIN JAMES, | ) | |
| CARY REZMAN, | ) | |
| KELLY HOFFMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

**I. Screening**

**A. Background**

Plaintiff Jeffrey E. Howell, a former prisoner, resides in Bloomington, Indiana. His complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Howell was convicted in 2009 of child solicitation under Ind. Code § 35-42-4-6. As a result of his conviction, he is required to register as a sex offender for ten years. He was convicted of failure to register as a sex offender in 2012, under Ind. Code § 11-8-8-17. He alleges that his First, Fifth and Fourteenth Amendment rights have been or are being violated. He also brings a number of state law claims, including conspiracy to violate his civil and constitutional rights and outrageous government conduct, defamation, wrongful termination of employment, and denial of unemployment benefits. He further alleges that three Indiana statutes are unconstitutional. His motions for an *ex parte* temporary restraining order and preliminary injunctive relief with respect to those statutes have been denied.

Mr. Howell names the following defendants: 1) State of Indiana; 2) Greg Zoeller; 3) Indiana Department of Correction ("IDOC"); 4) Keith Butts, Superintendent of New Castle Correctional Officer; 5) City of Indianapolis; 6) Officer Darin Odier; 7) Officer Shani Anderson; 8) Officer Michael Thayer; 9) Clark County, Indiana; 10) Sheriff Daniel Rodden; 11) Liberty Behavorial Health (contracted provider by IDOC for sex offender counseling); 12) sex offender counselor Benjamin James; 13) clinical program coordinator Cary Rezman; and 14) clinical program director Kelly Hoffman. The seven Counts set forth in the complaint are the following:

**Count 1 challenges the constitutionality** of Ind. Code § 35-42-4-4 and is brought against defendants State of Indiana and Greg Zoeller.

**Count 2 challenges the constitutionality** of Ind. Code § 35-42-4-6 and is brought against defendants State of Indiana, Greg Zoeller, City of Indianapolis, Officer Darin Odier, Officer Shani Anderson, and Officer Michael Thayer.

**Count 3, conspiracy to violate civil and constitutional rights and outrageous government conduct**, is brought against the City of Indianapolis, Officer Darin Odier, Officer Shani Anderson, and Officer Michael Thayer.

**Count 4, defamation**, is brought against Clark County and Sheriff Daniel Rodden.

**Count 5, wrongful termination and denial of unemployment benefits**, is brought against Clark County and Sheriff Daniel Rodden.

**Count 6 alleges violations of the Fifth and Fourteenth Amendments** by the State of Indiana, Greg Zoeller, Keith Butts, Benjamin James, Cary Rezman, and Kelly Hoffman.

**Count 7 challenges the constitutionality** of Ind. Code § 11-8-8-8(a)(7) and is brought against defendants State of Indiana and Greg Zoeller.

B.  Discussion

There are no allegations of wrongdoing alleged against defendants IDOC and Liberty Behavioral Health. Without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). Therefore, any claims against the IDOC and Liberty Behavioral Health are **dismissed for failure to state a claim upon which relief can be granted.**

**Counts 1, 2, and 7**

Counts 1, 2, and 7 are brought against the State of Indiana and Greg Zoeller (and other defendants in Count 2), alleging that three Indiana statutes, Ind. Code § 35-42-4-4, Ind. Code § 35-42-4-6, and Ind. Code § 11-8-8-8(a)(7), respectively, are unconstitutionally vague and overbroad.

Count 1 - Mr. Howell alleges that he was arrested in October 2010 for violation of probation. He alleges that items including digital storage devices were seized from him and the trial court refused to return the items to him because the Court considered some of the images illegal. Mr. Howell contends that those images were not illegal. He argues that Ind. Cod. § 35-42-4-4 is unconstitutionally vague and overbroad because it allows for arbitrary enforcement by law enforcement and prosecutors because images only need "appear to be" child pornography, which thereby unconstitutionally shifts the burden of persuasion to the defendant on the element of age of the persons depicted in the alleged pornographic images.

With respect to Mr. Howell's challenge to Ind. Code. § 35-42-4-4, as noted in the Court's denial of his motion for preliminary injunctive relief, docket 12, the Indiana Court of Appeals has held that Ind. Code. § 35-42-4-4 is not unduly vague and does not violate the First Amendment. *Logan v. State,* 836 N.E.2d 467 (Ind.Ct.App. 2005); *see also Decker v. State,* 19 N.E.3d 368, 377-78 (Ind.Ct.App. 2014) (also noting that Ind. Code. § 35-42-4-4 is not unduly vague). The Court agrees with this authority and finds that Mr. Howell's challenge to Ind. Code. § 35-42-4-4 must be **dismissed for failure to state a claim upon which relief can be granted.**

Count 2 - Mr. Howell was convicted under the child solicitation statute, Ind. Code § 35-42-4-6, which he challenges here. To recover damages for an allegedly unconstitutional conviction or imprisonment which would render the conviction invalid, a plaintiff must prove that his conviction has been reversed or otherwise declared invalid or else the claim for damages is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). *Tolliver v. City of Chicago,* 820 F.3d 237, 241-42 (7th Cir. 2016). If "'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence'" the complaint must be dismissed. *Id.* (quoting *Heck*, 512 U.S. at 486-87). Here, Mr. Howell's conviction was never invalidated so his claim

challenging Ind. Code § 35-42-4-6 is barred by *Heck*. In addition, as discussed in the Court's denial of Mr. Howell's motion for preliminary injunctive relief, docket 11, Mr. Howell's challenge to this statute was already found baseless in the Indiana courts. The Indiana Court of Appeals found that Mr. Howell's contention that the statute was impermissibly vague and overbroad was without merit. *Howell v. State,* 2009 WL 3364798, 915 N.E.2d 209 (Ind. Ct. App. Oct. 20, 2009) (unpublished). The *Howell* court also noted that the Indiana Court of Appeals had previously determined that Ind. Code 35-42-4-6 is constitutional in *LaRose v. State,* 820 N.E.2d 727, 733 (Ind.Ct.App. 2005). The *LaRose* court held that the State has a compelling interest in preventing adults from urging a child to have sex, the statute is narrowly drawn, and it is not unconstitutionally vague. *Id.* at 730-33. The Court agrees with this authority and finds that Mr. Howell's constitutional challenge to Ind. Code § 35-42-4-6 must be **dismissed for failure to state a claim upon which relief can be granted.**

Count 7 - With respect to Mr. Howell's challenge to Ind. Code § 11-8-8-8(a)(7), this statute requires sex offenders, when they register, to provide "(7) Any electronic mail address, instant messaging username, electronic chat room username, or social networking web site username that the sex or violent offender uses or intends to use." *Id.* Mr. Howell argues that this provision violates his First Amendment rights protecting anonymous speech. As noted in the Court's denial of Mr. Howell's motion for preliminary injunctive relief, docket 13, the Indiana Court of Appeals has ruled that this statutory provision "serves a significant governmental interest" and does not violate First Amendment rights. *Harris v. State,* 985 N.E.2d 767, 776 (Ind.Ct.App. 2013) ("we reject [plaintiff's] claim that I.C. § 11-8-8-8(a)(7) chills his expression under the First Amendment.")."[D]isclosure of online identifiers does not 'unnecessarily interfere with his First Amendment freedom to speak anonymously.'" *Id.* (quoting *Doe v.*

*Shurtleff,* 628 F.3d 1217, 1225 (10th Cir. 2010)). "This is so because the First Amendment protects anonymity where it serves as a catalyst for speech." *Id.* (internal quotation omitted). A sex offender is not "forced to reveal his identity as a prerequisite for expression." *Id.* The Court agrees with this authority and finds that Mr. Howell's constitutional challenges to Ind. Code § 11-8-8-8(a)(7) must be **dismissed for failure to state a claim upon which relief can be granted.**

**Counts 3, 4, and 5**

Count 3 – In this claim, Mr. Howell alleges that defendants City of Indianapolis and Officers Odier, Anderson, and Thayer conspired to violate his constitutional rights and engaged in "outrageous government conduct." He contends that these defendants "engag[ed] in an Internet decoy operation premised on an unconstitutional statute." Complaint, ¶ 47. Mr. Howell alleges that his child solicitation conviction was obtained by police officer Darin Odier's false testimony. Mr. Howell engaged in conversations with Officer Odier in an internet chat room which was restricted to adults. Mr. Howell contends that at no time did he believe he was communicating with a minor, but the trial and appellate courts refused to consider evidence supporting his actual innocence defense. Indianapolis police officers Anderson and Thayer were allegedly present when Officer Odier engaged in the conversation with Mr. Howell.

First, any allegations that the City and Officers Odier, Anderson, and Thayer acted improperly during their online child solicitation investigation of Mr. Howell in April of 2008, are barred by *Heck*.

Second, the Seventh Circuit Court of Appeals has repeatedly refused to recognize the defense of "outrageous government conduct" in challenges to convictions because "when an individual is ready and willing to engage in illegal activity, the fact that the Government affords

him an opportunity to commit the crime provides no legal impediment to prosecution." *United States v. Smith,* 792 F.3d 760, 766 (7th Cir. 2015). In light of this Seventh Circuit precedent, the Court finds that there is no free-standing claim for outrageous conduct.

Third, these claims are also barred by the applicable two-year statute of limitations (as discussed further below).

Counts 4 and 5 – For his claim of defamation, Mr. Howell alleges that in July of 2008, the Sheriff reported in two local newspapers that Mr. Howell had been arrested because child pornography had been found on his computer. Mr. Howell alleges that Sheriff Rodden had not investigated the veracity of his statements before giving them to the media.

Mr. Howell was formerly employed by the Clark County Sheriff's Office. In Count 5, he alleges that he was wrongfully terminated from that employment and wrongfully denied unemployment benefits in July of 2008.

The defamation and wrongful termination of employment state law claims brought in this action are misjoined in violation of Rule 20 of the *Federal Rules of Civil Procedure.* In addition, an action for injury to person or character must be commenced within two years after the cause of action accrues under Indiana law. Ind. Code. 34-11-2-4. Therefore, the statute of limitations for Counts 4 and 5 under Indiana law is two years. *Kelley v. Vigo County Sch. Corp.,* 806 N.E.2d 824, 830 (Ind.Ct.App. 2004). The facts supporting these claims arose in 2008. It is plain on the face of the complaint that Counts 4 and 5 are barred by the applicable statute of limitations.

Counts 3, 4 and 5 are therefore **dismissed for failure to state a claim upon which relief can be granted.**

**Count 6**

In support of this claim, Mr. Howell alleges that as a condition of his conviction, he was to successfully participate in and complete Indiana's Sex Offender Management and Monitoring ("SOMM") program in prison. One of the requirements of the SOMM program is to admit guilt for the offense of which he was convicted. Mr. Howell agreed to participate in the SOMM program, but maintained his innocence of the child solicitation charge, invoking his rights under the Fifth Amendment to not discuss the details of the case that led to his conviction. He was disciplined in prison for refusing to admit guilt.

Mr. Howell alleges that his Fifth and Fourteenth Amendment rights were violated when he was disciplined in prison for refusing to admit guilt under the SOMM program. He was sanctioned by being placed in segregation, demoted in credit class, deprived of credit time, and denied other privileges. Mr. Howell's claim for damages challenging disciplinary proceedings that were conducted when he was in prison is dismissed without prejudice as premature because Mr. Howell has not alleged that any finding of guilt was overturned or otherwise invalidated. *See Edwards v. Balisok,* 520 U.S. 641 (1997) (a claim for damages that would call into question the validity of a prison disciplinary finding is barred until reversed).

Count 6 is **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint must be dismissed for **failure to state a claim upon which relief can be granted.**

## II. Further Proceedings

The plaintiff shall have **through August 22, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted.

*Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to either show cause or file an amended complaint by this deadline, the action will be dismissed for failure to state a claim upon which relief can be granted without further notice.

    **IT IS SO ORDERED.**

Date: <u>August 3, 2016</u>

                                                            Hon. Jane Magnus-Stinson, Judge
                                                            United States District Court
                                                           Southern District of Indiana

Distribution:

JEFFREY E. HOWELL
899 S. College Mall Road, #226
Bloomington, IN 47401